## In re FULTON–ROYAL, Inc.

### No. 28807.

District Court, E. D. New York.
Oct. 25, 1935.

Showers, Jason & Quinn, of New York City (Peter W. Quinn, of New York City, of counsel), for petitioner landlord.

Oeland & Kuhn, of New York City, for debtor.

GALSTON, District Judge.

Debtor's petition was filed on October 10, 1935, conformable to the provisions of section 77B of the Bankruptcy Act, as amended (11 USCA § 207). On the same

day, in the order approving the petition, the usual stay was provided as to pending suits against the debtor.

It appears that the landlord instituted dispossess proceedings in the municipal court of the city of New York, borough of Brooklyn, but on what date does not appear. However, these proceedings were set for trial for October 11, 1935, and the general stay effected these proceedings. Since the filing of the petition, the debtor has adopted the lease.

 The landlord now seeks a modification of the general order so as to permit the landlord to proceed with the dispossess action. The landlord relies on a provision in the lease that the landlord shall have the right to re-enter and repossess the premises "on the filing by the tenant of a petition in bankruptcy, or the filing of a petition in bankruptcy * * *." The filing of a petition by the debtor under section 77B of the Bankruptcy Act is not an act of bankruptcy, and, in consequence, the landlord is not entitled to possession of the premises by virtue of the clause of the lease just quoted. He is entitled with other creditors to prove his claim for unpaid rent up to the time of the filing of the petition. In addition, he, of course, must be paid rent under the lease as adopted by the debtor in this proceeding. The failure of the debtor so to do would then entitle the landlord to apply for possession of the premises.

The motion to vacate is accordingly denied. Settle order on notice.